HERSEY, Chief Judge.
The Florida East Coast Railway Company (Railway) entered into a license agreement with Palm Beach County (County) which provided in part that the County would reimburse the Railway for any expenses the latter incurred in the maintenance and improvement of a railroad crossing at Tequesta Drive. Having made improvements in 1983, the Railway unsuccessfully approached the County for reimbursement and thereafter commenced this litigation. The County filed a crossclaim against the Village of Tequesta contending that under appropriate legislation and implementing regulations, responsibility for the crossing and liability under the licensing agreement had been transferred to Te-questa in 1982.
Both the Railway and Tequesta moved for summary judgment; the County did not. The trial court denied Tequesta’s motion for summary judgment, which we affirm because of the existence of factual issues.
In denying the Railway’s motion for summary judgment the trial court gave as its reason a “finding of no liability as a matter of law on the part of Palm Beach County, ...” This was substantially equivalent to granting summary final judgment for the County, which had never filed such a motion. We find the order technically deficient in that respect, but would be required to reverse on substantive grounds even if this deficiency were cured.
Our review of the record leads us to conclude that at least three factors need further exploration with evidence on one side or the other before it can be determined with certainty that the County is without liability.
First is the question of whether the railroad crossing is located totally within the municipal limits of Tequesta. The only support for the conclusion that it is so located was a statement during argument by the County’s attorney.
Secondly, evidence needs to be introduced indicating the Department of Transportation’s classification of Tequesta Drive, where the crossing is located.
Finally, since a possibility exists that automatic transfer of responsibility for Te-questa Drive could conceivably have been delayed if resurfacing were required as contemplated by section 335.04, Florida Statutes (1977), evidence should be sub *105 mitted on the question of whether such a state of facts did, indeed, exist. We do not think it can be successfully argued that the provision pertaining to resurfacing applies only to roads transferred from the DOT to counties and municipalities, but we do not intend, here, to foreclose that possibility.
Despite the statement of the trial court, referring to liability for reimbursement to the Railway, that “if it isn’t the County it has to be the Village,” it is clear from the trial court’s previous remarks that no finding on the merits of this issue was made— and properly so. In any event, our disposition of this matter would have nullified such a finding and renders the issue moot for purposes of this appeal.
We affirm the denial of both motions for summary judgment, but reverse the holding that the County, as a matter of law, has no liability to the Railway, and remand for further appropriate proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
LETTS and GUNTHER, JJ., concur.